IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| RICHARD DAVID PETERSON #127173 | § | |
| VS. | § | CIVIL ACTION NO. 6:23cv437 |
| GREGG COUNTY SHERIFF OFFICE | § | |

<u>REPORT AND RECOMMENDATION<br>OF THE UNITED STATES MAGISTRATE JUDGE</u>

Plaintiff Richard David Peterson, an inmate of the Gregg County Jail proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights in jail. The case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.

**I. Relevant Procedural History and Alleged Facts**

Plaintiff filed his original complaint in August 2023. (Dkt. #1.) On September 12, 2023, the Court found Plaintiff's original complaint to be deficient and ordered him to file an amended complaint to allege specific facts to support his claims and identify the responsible defendants. (Dkt. #4.)

Plaintiff's amended complaint it is now before the Court for screening. (Dkt. #9.) In it, Plaintiff alleges in the most general fashion that the Gregg County Jail has "failed to keep up the health codes" and that food in the jail has not been "cook[ed] . . . all the way done." (Dkt. #9-1 at 1.) He alleges that there are "black mold, bugs and etc." (*Id.* at 2.) The only specific event alleged is that on July 25, 2023, he saw a human tooth in a lunch tray. (Dkt. #9-2 at 1.) Plaintiff alleges that at some unspecified time(s) he has been "very sick" and that he has experienced "infections or sores on [his] body like staff [sic] or bites." (Dkt. #9-1 at 1.) He says he saw a doctor, but

"nothing was done to help." (*Id.*) He sues the Gregg County Sheriff's Office and Sheriff Maxey Cerliano and seeks $700,000 in damages or dismissal of the criminal charges against him. (Dkt. #3–4.)

## II. Legal Standards and Preliminary Screening

Plaintiff is a prisoner seeking redress from an officer or employee of a governmental entity, and he is proceeding *in forma pauperis*, so his claims are subject to preliminary screening pursuant to the Prison Litigation Reform Act as required by 28 U.S.C. §§ 1915A and 1915(e). Those statutes direct *sua sponte* dismissal of a complaint—or any portion thereof—if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id.* (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)). In other words, during the initial screening under Section 1915A, a court may determine that a prisoner's complaint is frivolous if it rests upon delusional scenarios or baseless facts—and dismiss the complaint. *See Henry v. Kerr County, Texas*, No. SA-16-CV-284-DAE (PMA), 2016 WL 2344231, at *3 (W.D. Tex. May 2, 2016) ("A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible, regardless of whether there are judicially noticeable facts available to contradict them.") (citing *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)).

Moreover, a complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010). This plausibility standard is not akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

Although all well-pleaded facts are taken as true, the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.*

**III. Discussion and Analysis**

As an initial matter, the dismissal of the charges against Plaintiff is not a form of relief he can seek in this case. The legal validity of Plaintiff's detention on state criminal charges is a matter to be determined in the first instance by state authorities, not the federal court. *See Wallace v. Kato*, 549 U.S. 384, 393–94 (2007) (approving practice of staying federal suits that impugn the validity

of pending criminal charges until state proceedings are concluded); *Younger v. Harris*, 401 U.S. 37, 45 (1971) (holding that federal abstention from interfering with state criminal proceedings is appropriate unless circumstances make such interference "absolutely necessary").

Second, Plaintiff has not sued a proper Defendant. The Sheriff's Department itself is not subject to suit under Section 1983. Under the Federal Rules of Civil Procedure, a party to a lawsuit must have the capacity to be sued. Fed. R. Civ. P. 17(b). A department of a local government entity must "enjoy a separate legal existence" to be subject to a lawsuit. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991). The Fifth Circuit has held that Texas law does not allow county or municipal police departments to be sued directly. *Id.* at 313-14; *see also Crull v. City of New Braunfels, Texas*, 267 F. App'x 338, 341-42 (5th Cir. 2008) ("Therefore, the Police Department is not a separate legal entity apart from the City and the district court did not err in dismissing the claims against the Police Department.").

And Plaintiff does not allege any personal involvement by Sheriff Cerliano in the alleged violations or even mention the Sheriff beyond naming him as a Defendant. To the extent Plaintiff sues Sheriff Cerliano simply because of his position of authority as sheriff, lawsuits against supervisory personnel based on their positions of authority are claims of liability under the doctrine of *respondeat superior*, which does not generally apply in Section 1983 cases. *Williams v. Luna*, 909 F.2d 121 (5th Cir. 1990). A supervisor may be held liable under Section 1983 only if he is personally involved in a constitutional deprivation, a causal connection exists between the supervisor's wrongful conduct and a constitutional deprivation, or if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force behind a constitutional deprivation. *Thompkins v. Belt*, 828 F.2d 298 (5th Cir.

1987). Plaintiff does not allege any facts that would support liability of Sheriff Cerliano under any of these theories in this case.

And finally, the substance of Plaintiff's amended complaint would not state a claim regardless of the relief sought or the defendant named, because the conditions described are simply not extreme enough to violate the Constitution. Health codes do not set the standard for constitutionality, and "[t]he Constitution does not require that prisons be completely sanitized or as clean or free from potential hazards as one's home might be." *McAllister v. Strain*, No. 09-2823, 2009 WL 5178316, at *3 (E.D. La. Dec. 23, 2009). The Fourteenth Amendment entitles pretrial detainees to be free from punishment and to be provided with basic human needs, such as food, water, clothing, medical care, and safe conditions. *See Hare v. City of Corinth*, 74 F.3d 633, 639, 650 (5th Cir. 1996) (en banc). Such basic needs constitute "humane conditions of confinement" required under the Eighth Amendment, which are applicable to pretrial detainees through the Fourteenth Amendment. *Id.* at 649. However, deprivation of a basic need violates the Constitution only when the deprivation is so serious as to amount to a denial of "the minimal civilized measure of life's necessities." *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Whether a deprivation fails to pass the minimal civilized measure of life's necessities threshold "depends on the amount and duration of the deprivation." *Talib v. Gilley*, 138 F.3d 211, 214 n.3 (5th Cir. 1998). This inquiry requires evaluating the extent to which the plaintiff experienced the deprivation, for how long, and the injury arising therefrom. *See Berry v. Brady*, 192 F.3d 504, 507–08 (5th Cir. 1999); *Lockamy v. Rodriguez*, 402 F. App'x 950, 951 (5th Cir. 2010).

Claims of the presence of black mold, alone, do not rise to the level of a constitutional violation. *See Causey v. Allison*, No. 1:08cv155, 2008 WL 4191746 (S.D. Miss., September 9,

2008) (allegation of black mold in the shower did not set out a constitutional claim); *Eaton v. Magee*, No. 2:10cv112, 2012 WL 2459398 (S.D. Miss., June 27, 2012) (claim that bathroom and shower contain black mold did not rise to the level of a constitutional violation); *Barnett v. Shaw*, No. 3:11cv0399, 2011 WL 2200610 (N.D. Tex., May 18, 2011) (claim of "excessive amount of black mold in the showers and sinks" did not raise a claim for a constitutional violation); *Reynolds v. Newcomer*, No. 09-1077, 2010 WL 234896 (W.D. La., January 19, 2010) (black mold in the living areas, eating areas, and shower areas did not set out a constitutional claim). Similarly, "[c]onstitutional standards also are not violated merely because flies, bugs, ants, and mosquitos are present." *Courteaux v. Larpenter*, No. CV 19-13173, 2020 WL 2771755, at *8 (E.D. La. Apr. 27, 2020), *report and recommendation adopted*, No. CV 19-13173, 2020 WL 2769877 (E.D. La. May 28, 2020); *see also Brooks v. Daniels*, No. 3:12CV-P446-S, 2012 WL 3866453, at *2 (W.D. Ky. Nov. 1, 2012) ("While unpleasant, the alleged conditions of having insects in a cell is not below the constitutional standard of the minimal civilized measures of life's necessities." (internal quotation marks omitted)); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 467 (M.D. Pa. 2010) (concluding that a prisoner's allegation that his cell was "infested with 'cockroaches, spiders, worms, [g]nats, mice and other unknown insects'" fell short of demonstrating the existence of a substantial risk of serious harm).

Plaintiff does not allege any facts about how widespread or pervasive the mold or bug infestation in the jail is, or the extent to which he personally is exposed to it. His pleading is simply too conclusory to state a claim for relief. *See Anderson v. King*, No. CIVA2:05CV1-MTP, 2007 WL 3357586, at *8 (S.D. Miss. Nov. 9, 2007) ("Conclusory allegations are insufficient to establish a constitutional violation under Section 1983; such claims must be supported by specific facts.").

But even assuming that Plaintiff is personally exposed to uncomfortable and unpleasant conditions, that does not violate the Constitution.

Plaintiff also does not provide any specific facts about the undercooked food, such as how often or what type of food is undercooked. He cannot state a viable claim in the absence of those material facts. Undercooked or even raw fruits or vegetables, for example, would pose no danger at all. Moreover, constitutional standards only require that authorities provide inmates with "'well-balanced meal[s], containing sufficient nutritional value to preserve health.'" *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (quoting *Green v. Ferrell*, 801 F.2d 765, 770 (5th Cir. 1986)). "The Constitution does not require that [pretrial detainees] be provided with particular foods or food at a certain temperature or every culinary amenity which one may find desirable." *Whelen v. Penouilh*, 2009 WL 86667, at *12 (E.D. La. Jan. 13, 2009) (citing *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983). "Even on a regular, permanent basis, two meals a day may be adequate." *Berry*, 192 F.3d at 507 (quoting *Green*, 801 F.2d at 770-71). Neither Plaintiff's general allegation of undercooked food nor his allegation of one instance of a tray contaminated with a tooth is sufficient to establish that he is not receiving enough edible food to maintain his health. These allegations, therefore, fail to state a claim for a constitutional violation.

Finally, Plaintiff fails to plausibly connect any injury to any of the conditions he describes. His allegation of being "very sick" at some unspecified time(s) is too vague to state a claim. And only pure speculation could connect that sickness or his skin irritation, which he cannot distinguish between an infection or bug bites, to either the mold or the jail food. Moreover, bug bites—or anything comparable in severity—are too *de minimis* to amount to a constitutional violation. *Gray v. Carlin*, No. 3:11-CV-00275-EJL, 2015 WL 75263, at *11 (D. Idaho Jan. 6, 2015) ("[T]he bug bites for which Plaintiff was treated with a topical ointment are a *de minimis* injury[.]"). Plaintiff

7

acknowledges that he saw a doctor for his ailments and does not allege that any treatment was prescribed or that his condition was so objectively serious that even a lay person would recognize the need for treatment. *Cf Thompson v. Texas Dep't of Crim. Just.*, 67 F.4th 275, 281 n.18 (5th Cir. 2023) ("[a] sufficiently serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.") (quoting *Helphenstine v. Lewis County, Kentucky*, 60 F.4th 305, 318 (6th Cir. 2023)). Accordingly, Plaintiff's vague allegations of injury do not support his claims about jail conditions or establish any deliberate indifference to serious medical needs.

## IV. Conclusion

For the reasons set forth above, Plaintiff fails to state a claim upon which relief can be granted in his amended complaint. Dismissal is appropriate where Plaintiff has already been permitted to address the deficiencies of his complaint but still fails to state a viable claim. *See Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986) (holding that "once given adequate opportunity, even a *pro se* complaint must contain specific facts supporting its conclusions"); *Garcia v. City of Lubbock, Texas*, 487 F. Supp. 3d 555, 566 (N.D. Tex. 2020) (dismissing where inmate had "already amended his complaint once" and been afforded "an opportunity to further flesh out his claims").

## RECOMMENDATION

Accordingly, the undersigned recommends that this action be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e) for failure to state a claim upon which relief can be granted.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A

party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 8th day of January, 2024.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE